MEMO ENDORSED

# JACOB LAUFER, P.C.
## 65 BROADWAY
### SUITE 1005
### NEW YORK, NEW YORK 10006

JACOB LAUFER*

SHULAMIS PELTZ
MARK ELLIS
AKIVA GOLDBERG

TELEPHONE (212) 422-8500

FAX (212) 422-9038

* Also admitted in the District of Columbia

October 27, 2020

**VIA ECF**

Hon. Kenneth M. Karas
United States District Court
Southern District of New York
300 Quarropas St.
White Plains, NY 10601-4150

        Re:    *United States v. Simon Goldbrener, et al.*, 18 Cr. 614 (KMK)

Dear Judge Karas:

        We represent Simon Goldbrener in the above-captioned matter. Mr. Goldbrener's Sentencing Memorandum is to be filed today in advance of the sentencing. We write to respectfully request that Mr. Goldbrener's Sentencing Memorandum and its exhibits be permitted to be filed under seal.

        Mr. Goldbrener's Sentencing Memorandum includes extremely sensitive and very detailed private information regarding multiple individuals and families he has counseled, (including family disputes, marital disharmony, kids at risk, dire financial straits and even outright poverty). It also includes sensitive psychological and medical information about several people (aside from "treatment or diagnosis") and details learning disabilities and behavioral issues of teenagers who are now married adults.

        The above information does not specifically fall under the 11 categories that permit redaction under the Court's Rules (the five categories of "sensitive information" and the six categories of information requiring caution). In addition, this sensitive and extremely private information is dispersed throughout the Memo and are included in detail throughout the many sentencing letters that will be submitted with his Memorandum. Therefore, redactions (even if granted permission) would be pervasive and cumbersome throughout his lengthy submission.

        Under the circumstances, we respectfully request that the Court permit us to file our

Hon. Kenneth M. Karas
October 27, 2020
Page Two

submission under seal, pursuant to Rule 49.1(d), Fed.R.Crim.P., in order to protect the privacy
of individuals, families and community members who are not parties to this case.

I have communicated with the Government regarding our request and AUSA Scotten
informed me that the Government is unable to state its position without seeing the submission,
but will indicate its position in its own sentencing submission.

In the event that the Court denies our request in favor of redactions, we request that this
filing submission not be unsealed until we have the opportunity to file a heavily redacted version
of the Memorandum and its attachments, with the Court's permission, so as not to publicize
personal problems and past history.

Thank you for your courtesy and consideration of this request.

Respectfully,

/s/ Shulamis Peltz
Shulamis Peltz

cc: A.U.S.A. Michael Maimin, Vladislav Vainberg, Hagan Scotten (Via e-mail)
Sara K. Willette, U.S. Probation Officer (Via e-mail)

The sentencing submission may, in the first instance, be filed under seal. However,
Defendant is to file a redacted version of the submission that minimizes the portions of
sealed materials in 14 days. In other words, the presumption is against sealing of
information, not in favor of it (i.e., the inclination should not be to "heavily" redact). The
Government may object to the redactions within 14 days of the redacted filing.

So Ordered.

10/27/20